**STATE ex et v CENTRAL DEPOSITORS BANK & TR CO et**

Ohio Appeals, 9th Dist, Summit Co

No. 2050. Decided Jan 15, 1932

Gillum H. Doolittle, and Rice A. Hershey, Akron, for plaintiff.

Herberich, Weick & Powers, Akron for defendant.

WASHBURN, J.

Under the evidence in this case, we find that, at the time the suit was brought there was no nuisance and no basis for a reasonable apprehension that the premises would be used in any manner other than for lawful and legitimate purposes, and that said premises have been so used since Sept. 9, 1930.

The fact that an owner did not know that his tenant was violating the prohibition law upon the owner's premises is no defense to an action to abate a nuisance and decree a closure of the premises; but if the owner is without knowledge of wrongdoing upon his premises and has not purposely avoided such knowledge, and before suit is brought the nuisance is completely abated and the evidence shows that there is no reason for apprehending a repetition or recurrence of the nuisance, a court of equity should refuse to enjoin the occupancy and use of said premises.

Upon the pleadings in this case we hold that this is an equitable action and appeal-

able, and upon the facts hereinbefore set forth we hold that a court of equity ought not to declare the existence of a nuisance and ought not to issue an order padlocking said premises.

Fessler v. U. S., 39 Fed. (2d) 363.
U. S. v. Burtell, 51 Fed. (2d) 765.
Grosfield v. U. S., 276 U. S. 494.

The prayer of the petition will therefore be denied and the petition dismissed, at plaintiff's costs.

PARDEE, PJ, and FUNK, J, concur.